```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

Allstate Insurance Company, et )
al.,                           )
                               )
        Plaintiffs,            )
                               )
    v.                         )  Case No. 17 C 5826
                               )
                               )
Ameriprise Financial Services, )
Inc.,                          )
                               )
        Defendant.             )

<u>Memorandum Opinion and Order</u>

The plaintiffs in this dispute are Illinois-based insurance companies that sell insurance products nationwide. Defendant is a Delaware financial services corporation headquartered in Minnesota, and it sells insurance products throughout the United States that compete with plaintiffs' products. Plaintiffs complain that defendant unlawfully solicited Exclusive Financial Specialists ("EFSs") with whom plaintiffs have (or had) relationships, and that it encouraged those EFS to disclose plaintiffs' trade secrets and other confidential information to defendant, which defendant then used to steal plaintiffs' customers and otherwise compete with plaintiffs. Plaintiffs assert claims for violation of the Defend Trade Secrets Act ("DTSA"), tortious of interference with business relationships, and unfair competition.

Defendant has moved to dismiss or transfer the case for want of personal jurisdiction, or, alternatively, to transfer the case to the District of Minnesota. I allowed limited jurisdictional discovery, and the parties have submitted evidence in support of their respective positions. They have not requested an evidentiary hearing.

Defendant seeks dismissal on the ground that it lacks sufficient minimum contacts with Illinois to satisfy due process and argues that the jurisdictional evidence does not support plaintiffs' assertion that a substantial portion of the events giving rise to their claims occurred in the forum. Defendant acknowledges that it does business and has seven corporate offices, a registered agent, and 115 franchised locations in Illinois but submits that only a tiny percentage of its employees and FINRA-registered individuals with whom it works are in Illinois. Moreover, defendant argues, plaintiffs' evidence does not suggest that their claims arise out of defendant's activities in the state, since it does not reflect *unlawful* solicitation of any Illinois EFSs, nor does it show that defendant actually obtained plaintiffs' trade secrets or other confidential information from any Illinois EFSs.

As an alternative to dismissal, defendant seeks transfer to the District of Minnesota either under 28 U.S.C. § 1406(a) on the ground that venue is not proper in this district, or under

§ 1404(a) on the ground that even if venue is proper in this district, it should be transferred to Minnesota for the convenience of parties and witnesses and in the interest of justice. For the reasons that follow, I deny defendant's motions to dismiss or transfer.

I.

Personal jurisdiction may be either general or specific; but because I agree with defendant that the evidence does not suggest that defendant is "essentially at home" in Illinois, *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011), I proceed directly to the issue of specific jurisdiction. There are two basic flaws in defendant's argument. The first is its erroneous contention that plaintiffs must prove the jurisdictional facts it asserts by a preponderance of the evidence. The Seventh Circuit instructs that when a dispute over personal jurisdiction is "decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). It is true that courts in this district have applied the preponderance standard when the parties have engaged in jurisdictional discovery but have not requested an evidentiary hearing and jurisdiction turns on the resolution of disputed facts. *Johnson v. Barrier*, 15 C 3928, 2017 WL 36442, at *2 (N.D. Ill. Jan 4, 2017) (St. Eve, J.);

3

*IPOX Schuster, LLC v. Nikko Asset Management Co., Ltd.*, 191 F. Supp. 3d. 790, 798 (N.D. Ill. 2016); *Linkepic Inc. v. Vyasil, LLC*, 146 F. Supp. 3d 943, 948 (N.D. Ill. 2015). But even assuming that is the standard the Seventh Circuit would apply in those circumstances,[1] it does not apply here because the parties'

---

[1] I am aware of no Seventh Circuit case that so holds. *Johnson* cited only *Linkepic* for the application of this standard, and *Linkepic*, in turn, relied on *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003), and *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). *IPOX Schuster, LLC* also cited *Purdue* as well as *Durukan America, LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163-64 (7th Cir. 2015). But none of *Purdue*, *Hyatt*, or *Durukan* held that the preponderance of the evidence standard applies to a jurisdictional dispute at the motion to dismiss stage when the parties forgo an evidentiary hearing. *See Purdue*, 338 F.3d at 782 ("[t]he precise nature of the plaintiff's burden depends upon whether an evidentiary hearing has been held. When the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).... However when the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing...the plaintiff 'need only make out a prima facie case of personal jurisdiction.'") (quoting *Hyatt*, 302 F.3d at 713) (additional citations omitted). *Hyatt*, for its part, directs district courts to hold an evidentiary hearing where personal jurisdiction turns on material factual disputes but confirms that "[u]ntil such a hearing takes place, the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction." 302 F.3d at 713. And *Durukan* involved a narrow dispute over service of process and was brought on a motion to vacate a default judgment under Fed. R. Civ. P. 60(b). The defendant disputed jurisdiction on the ground that it had not been served with process and offered evidence "flatly contradicting" the plaintiff's evidence of service. The Seventh Circuit vacated the district court's denial of the motion on the written record, reasoning that because the dispute turned on the credibility of the witnesses, it "could not be resolved without an evidentiary hearing." 787 F.3d at 1164. In short, *Purdue* and *Hyatt* are in line with *Tamburo* and numerous other Seventh Circuit cases

4

jurisdictional dispute is not really over what the facts are but instead over the legal significance the facts should be given.

For example, as evidence of defendant's claim-related Illinois contacts, plaintiffs proffer the affidavit of Henry Schmidt, an Illinois-based EFS affiliated with plaintiffs. Mr. Schmidt states that defendant recruited him in multiple telephone, email, and in-person conversations and that defendant's National Director of Insurance Recruiting, Sean George asked him to provide "confidential production reports." *See* DN 29-3. Defendant does not dispute that it had multiple contacts with Mr. Schmidt, but it disputes that it asked him to provide confidential information. Defendant points to a ten-page form it sent Mr. Schmidt requesting information about his business, the introductory portion of which states: "Do not include any client-specific information (i.e. names, account numbers, Social Security numbers, etc.)." DN 59. But this evidence does not establish a genuine factual dispute, since both

---

holding that in the absence of an evidentiary hearing, a plaintiff must make only a prima facie showing of personal jurisdiction at the motion to dismiss stage, *see*, *e.g.*, *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421 (7th Cir. 2010); *Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal*, 859 F.2d 1302, 1306 n. 7 (7th Cir. 1988); *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983), and *Durukan* is not to the contrary. Defendant's citation to *Commodity Trend Serv. v. Commodity Futures Trading Com'n*, 149 F.3d 679, 685 (7th Cir. 1998), is inapposite because the issue in that case was 2*subject matter* jurisdiction, which the court has an independent duty to ascertain.

things can be true: that defendant sent Mr. Schmidt a document telling him not to provide "client-specific information," and that Mr. George asked Mr. Schmidt to provide "confidential production reports."

Similarly, defendant does not dispute that it met or had "limited telephone contact" with nine other individuals affiliated with plaintiffs in Illinois. It argues, however, that these contacts are not "material" to jurisdiction because the jurisdictional evidence does not show that defendant requested or received confidential information from them. This brings me to the second error in defendant's argument, which is that it conflates the jurisdictional inquiry with the merits of plaintiffs' claims.

Specific jurisdiction arises out of "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*,---U.S.---, 134 S.Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Its exercise is appropriate when "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo* 601 F.3d at 702. The fundamental constitutional question underlying the inquiry is: "is it fair and reasonable to call the defendant into the state's courts to

answer the plaintiff's claim?" *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010).

Defendant correctly observes that specific jurisdiction must be determined "by reference to the particular conduct underlying the claims made in the lawsuit," *Tamburo* 601 F.3d at 702. In suits involving intentional torts such as those at issue here, the jurisdictional evidence must indeed suggest that "the conduct underlying the claims was purposely directed at the forum state." *Id*. at 703. But I am aware of no authority—and defendant cites none—holding that personal jurisdiction is appropriate only where a plaintiff's jurisdictional evidence supports each substantive element of its substantive claims and suggests that each element is supported by conduct that occurred in the forum.

The jurisdictional inquiry focuses on the relationship between defendant's forum contacts and plaintiffs' claims. *See uBID*, 623 F.3d at 429. Plaintiffs allege that in the course of recruiting plaintiffs' EFSs in Illinois and elsewhere, defendant solicited and obtained plaintiffs' confidential information, which it then used to plaintiffs' detriment. Accordingly, plaintiffs must come forward with evidence that defendant purposely directed its conduct at Illinois, and the conduct targeting Illinois bears a sufficiently "intimate" relationship with plaintiffs' claims to make an Illinois court's exercise of jurisdiction "reasonably foreseeable." *Id*. (citation omitted).

Defendant does not deny that it has attempted to recruit plaintiffs' EFS in Illinois and elsewhere. Defendant denies that it has actually hired any EFS previously affiliated with plaintiffs in Illinois and asserts that plaintiffs have not offered any evidence suggesting that its recruitment efforts targeting Illinois EFSs were unlawful. But plaintiffs' theories of liability do not depend on whether defendant ultimately hired any of its EFS, and, as noted above, the jurisdictional evidence need not establish that defendant's conduct was in fact unlawful. The evidence supports the conclusion that defendant directed recruitment efforts at Illinois EFSs that included the solicitation of confidential information, and plaintiffs' claims "directly relate" to that conduct. *Tamburo*, 601 F.3d at 702. That is sufficient for specific jurisdiction.

II.

On the question of transfer, defendant raises several arguments, none of which warrants extensive discussion. Venue is proper in a judicial district where a "substantial part of events" giving rise to the asserted claims occurred. 28 U.S.C. § 1391(b)(2). Defendant argues that its "wholly lawful interactions" with Illinois-based EFSs cannot support venue under on this basis, but this argument repeats the error of resting on a merits issue not appropriate at this stage. Transfer is not appropriate under § 1406(a).

Defendant also argues that even if venue is proper in this district, it should be transferred to the District of Minnesota for the convenience of the parties and witnesses and in the interests of justice under § 1404(a). Five factors bear on the "convenience" prong of the analysis: (1) the plaintiffs' choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Republic Technologies (NA), LLC v. BBK Tobacco & Foods, LLC*, 240 F. Supp. 3d 848, 851 (N.D. Ill. 2016). The plaintiff's choice of forum is generally given "substantial deference," except when the forum lacks "any significant connection to the underlying claim." While it may be that plaintiffs' claims allege conduct in multiple forums, the jurisdictional evidence shows that this forum has some connection to plaintiffs' claims. Accordingly, plaintiffs' choice of forum is entitled to deference. *See id*.

As for the remaining factors, defendant has not carried its burden of showing that they militate in its favor. For example, defendant insists that its witnesses are located primarily in Minnesota, but its motion and supporting memorandum do not identify a single Minnesota witness it expects to call or the topics on which they will be examined. *See College Craft Companies, Ltd. v. Perry*, 889 F. Supp. 1053 (N.D. Ill. 1995)

("[a] party seeking transfer under Section 1404(a) should specify the key witnesses it intends to call and make a general statement of their expected testimony."). Meanwhile, plaintiffs identify ten Illinois-based EFS as well as eight Illinois-based employees of defendant as witnesses who may be asked about defendant's recruitment related conduct.

The remaining factors—such as the location of "sources of proof," which the parties agree is of little significance in the age of electronic discovery—are either neutral, or, if they point in either direction, do so negligibly. That is the case, for example, with respect to the public's interest in speedy resolution of disputes, which the evidence suggests is unlikely to differ meaningfully between the two judicial districts.

III.

For the foregoing reasons, defendant's motion to dismiss or transfer is denied in its entirety.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 21, 2018