**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY and ALLSTATE LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No. 17-CV-5826<br><br>Honorable Steven C. Seeger<br><br>Magistrate Judge Young B. Kim |

## AFFIDAVIT OF J. SCOTT HUMPHREY

I, J. Scott Humphrey, affirm that I am over the age of 18, duly competent to testify, and, if called to testify, would state as follows:

1. I am a partner with the law firm Seyfarth Shaw, LLP. I have been with Seyfarth since March 2005.

2. I am lead counsel for Allstate Insurance Company and Allstate Life Insurance Company (collectively "Allstate") in this litigation against Ameriprise Financial Services, Inc. ("Ameriprise"). I am submitting this affidavit pursuant to the Court's request that Allstate provide the Court with information that Ameriprise "was well aware that Rugel would not have much, if any, relevant information but chose to pursue his deposition anyway and despite [Plaintiffs'] repeated warnings[,] and that [Allstate] expressed several times its confusion over what [Defendant] sought to obtain from Rugel, stating that Rugel had limited information as it relates to the issues in this case." (Dkt. 227)

3. Ed Magarian is lead counsel for Ameriprise. I communicated several times with Mr. Magarian about John Rugel's deposition. One of the communications is a chain of emails on

2

September 22, 2020.  The September 22, 2020 email chain is attached as Exhibit C to Ameriprise's "Reply in Support of October 9, 2020 Motion to Compel."  (Dkt. 228, Exhibit C).

4. On September 22nd, and as pointed out in Ameriprise's Reply, I informed Mr. Magarian that "[Mr. Rugel] has very limited knowledge about this case."

5. In its Reply, Ameriprise mentions that I also wrote "you should be able to complete his deposition within four hours. If you cannot, then we can discuss more time."  The comments about four hours and possible additional time, however, was in response to Ameriprise threatening to file a motion to compel seeking seven hours for Mr. Rugel's deposition.  In response to this threat, I specifically told Mr. Magarian that Mr. Rugel had very limited information and he would not need four or seven hours deposing Mr. Rugel.  Thus, and in order to avoid motion practice since Ameriprise was determined to depose Mr. Rugel, I wrote to Mr. Magarian that, in the off chance Mr. Magarian could not complete Mr. Rugel's deposition in under four hours, "then [Mr. Magarian] and I can talk about how to proceed."  (Attached to my Affidavit as Exhibit A is the September 23, 2020 email chain confirming this statement).

6. More importantly, and as is also documented in Exhibit A, I once again informed Mr. Magarian on September 23, 2020:

> I really believe you will not need four hours.  [Rugel] only has a high level overview/knowledge of things and you have covered everything he will tell you with other witnesses.  (*Id.*)

7. Mr. Magarian responded that he "understood" my statement that Rugel only had a high level overview/knowledge of the case and his testimony had been covered by other witnesses.  Nevertheless, Ameriprise chose to move forward with Mr. Rugel's deposition. (*Id.*)

8. Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing statements in my affidavit are true and correct to the best of my knowledge, information and belief.

2

AFFIANT FURTHER SAYETH NAUGHT.

*/s/ J. Scott Humphrey*

**Date:  November 3, 2020**

J. Scott Humphrey
shumphrey@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  312-460-5000
Facsimile:  312-460-7000

4

## **CERTIFICATE OF SERVICE**

I, J. Scott Humphrey, an attorney, do hereby certify that on November 3, 2020, I caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's ECF system.

/s/*J. Scott Humphrey*
J. Scott Humphrey